IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IRENE SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 20 CV 00478 |
| vs. ) | |
| ) | Judge Andrea R. Wood |
| CITY OF CHICAGO; CHICAGO ) | |
| POLICE OFFICERS DAVID ) | |
| SALGADO, XAVIER ELIZONDO, ) | |
| ROBERTO RAMIEREZ, RICHARD ) | |
| MOSTOWSKI, LISA TORRES, ) | |
| ARNOLDO LUEVANO, MARCOS ) | |
| PEREZ, and UNKNOWN OFFICERS ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT DAVID SALGADO'S
MOTION TO STAY PROCEEDINGS**

NOW COMES, Defendant, DAVID SALGADO, by and through his attorneys, Borkan & Scahill, Ltd., to respectfully move this Court to stay the proceedings in this matter as related to Defendant Salgado, and in support hereof states as follows:

**INTRODUCTION**

Defendant Salgado respectfully moves this Court to stay the litigation as relate to Defendant Salgado based upon the still-pending criminal proceedings in the Northern District of Illinois, Eastern Division, *U.S. v. Elizondo, et al.*, 18 CR 286 (hereinafter the "Criminal Case"). Currently, the Criminal Case is in post-trial proceedings, including sentencing and likely subsequent appellate proceedings. As set forth below, a stay of proceedings as related to Defendant Salgado pending full and complete resolution of the Criminal Case is appropriate because of the identity of the subject matter is the same, the public interest would be well-served by a stay, judicial efficiency dictates that a stay is appropriate, Plaintiff is not likely to suffer any prejudice if a stay is granted, however Defendant Salgado will be irreparably harmed absent a stay.

1

**LEGAL STANDARD**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. *See Mediterranean Enters, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983).

In determining whether a stay should be granted in a civil case based on the existence of a criminal proceeding, the court considers six factors: (1) whether the civil action involves the same subject matter as the criminal investigation, and whether the government initiated both proceedings; (2) the posture of the criminal proceeding; (3) the public interests at stake; (4) judicial efficiency; (5) the prejudice, if any, that a stay would cause the civil plaintiff; and (6) the prejudice that the defendant will suffer if a stay is not issued. *See, e.g., Salcedo v. City of Chic.*, No. 09 CV 05354, 2010 WL 2721864 (N.D. Ill. July 8, 2010); *Hollinger Int'l, Inc. v Hollinger, Inc.*, No 04 C 698, 2008 WL 161683, at *2-3 (N.D. Ill. Jan. 16, 2008); *Doe v. City of Chic.*, 360 F. Supp. 2d 880 (N.D. Ill. 2005); *Benevolence Int'l Found., Inc. v. Ashcroft*, 200 F. Supp. 2d 935. 938 (N.D. Ill. 2002); *Cruz v. County of DuPage*, No. 96 C. 7170, 1997 WL 370194, at *2 (N.D. Ill. June 27, 1997). "Depending on the particular facts of the case, the court *may* decide to stay civil proceedings, postpone civil discovery, or impose protective orders." *Hollinger*, 2008 WL 161683, at *1 (citing *SEC v. Dresser Indust., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980). In this case, these factors favor a partial stay with regard to any discovery and statements related to Defendant Salgado.

2

**ARGUMENT**

    I.    **This Case Involves the Same Subject Matter as the Criminal Case**

The indictment of Salgado for conspiring with other police officers to commit criminal offenses is clearly related to the allegations in Plaintiff's Complaint, specifically as it pertains to allegations of bogus search warrants obtained by certain officers. *See* Dkt. 1 at ¶¶2, 4-5, 24-27. As such, this civil action involves the same subject matter as the Criminal Case. "While the Constitution does not mandate a stay in such circumstances, denying a stay might undermine a defendant's Fifth Amendment privilege against self-incrimination." *Hollinger*, 2008 WL 161683, at *2 (internal citations omitted) (granting a stay where certain defendants had appeared their convictions to the Seventh Circuit, the Court held that their "self-incrimination should be preserved until the criminal proceedings have become final. As a result, this factor weights in support of a continued stay."); *U.S. v. All Meat and Poultry Products*, No 02 C 5145, 2003 WL 22284318, *4 (N.D. Ill. Oct. 3, 2003) (internal citations omitted) (in evaluating whether a stay is proper, noting that "courts have found that the strongest case for granting a stay is where a party is under criminal investigation and is required to defend a civil proceeding involving the same subject matter" because "the risk of impairing a party's Fifth Amendment rights is rather severe, especially in circumstances where the issues in the civil and criminal cases are nearly identical.").

    II.    **Posture of the Criminal Case**

Trial in the Criminal Case took place in October of 2019. Sentencing is currently scheduled for March 11, 2020. Pursuant to the Federal Rules of Appellate Procedure, Defendants must exercise their appellate rights on those decisions by the end of March. *See* Fed. R. App. Pro 4(b)(1)(A).

The Fifth Amendment privilege against self-incrimination does not end once guilt has been adjudicated, but applies until "[o]nly when 'no adverse consequences can be visited upon the convicted person by reason of further testimony'" making the conviction final. *See Hollinger*, 2008 WL 161683,

at *2 (quoting *Mitchell v. U. S.*, 526 U.S. 314, 326 (1999)) (granting a stay where certain defendants had appeared their convictions to the Seventh Circuit, the Court held that their "self-incrimination should be preserved until the criminal proceedings have become final. As a result, this factor weights in support of a continued stay."). Accordingly, because Defendant Salgado's Criminal Case has not yet reached a time where there is no potential for adverse consequences of his provision of testimony or statements, the imposition of a stay as to Defendant Salgado is appropriate.

### III. The Public has Important Interests in Upholding the Fifth Amendment and Promoting Full and Fair Civil Trials.

A stay of this civil case will promote two important public interests. First, it will vindicate the public's interest in seeing that the protections afforded by the Fifth Amendment are safeguarded. *Jones v. City of Indianapolis*, 216 F.R.D. 440, 452 (S.D. Ind. 2003) (noting the public's "important interest" in "untainted" criminal prosecutions); *Ex parte Coastal Training Inst.*, 583 So. 2d 979, 981 (Ala. 1991) ("Courts must favor the constitutional privilege against self-incrimination over the interest in avoiding the delay of a civil proceeding."). Second, a partial stay, as requested by Salgado, promotes the public's interest in ensuring that civil disputes, including Plaintiffs', are fairly decided on a full factual record. *Cf. Edwards v. Atrium Village*, 127 F.R.D. 494, 499 (N.D. Ill. 1989) (noting the "important public interest in having an issue decided on the basis of a full factual record").

### IV. A Stay Will Increase Judicial Efficiency By Reducing the Burden of Litigation on the Parties and on the Court.

Permitting litigation and discovery to proceed as to Defendant Salgado would be an inefficient use of both the Court's and counsel's resources. The implementation of a stay promotes judicial efficiency by reducing the scope of discovery necessary in this case or otherwise simplify the issues, and remove the burden of numerous privilege issues that are likely to arise if discovery proceeds. The scope and breadth of the alleged criminal conduct is unknown at this point. Defendant Salgado has to fight to prove his innocence in the criminal case. Based on the Plaintiffs' Complaint, discovery in

4

the instant case could include other allegations of misconduct or criminal activity. The trial and conclusion of the criminal matter would serve to streamline the relevant issues in this case. A stay could avoid a substantial amount of unnecessary discovery, unnecessary judicial rulings, multiple depositions of the same individuals, and unnecessary disputes of fact.

### V. The Stay Will Not Unduly Prejudice or Burden Plaintiff.

The Criminal Case is moving forward for Salgado as the sentencing and likely appellate review will begin with the next few weeks; the stay which Salgado requests would not be in perpetuity. Plaintiffs cannot demonstrate irreparable harm or prejudice if the Court grants a stay during this limited period prior to the resolution of the criminal proceedings.[1] Moreover, it would make the entire civil case much clearer for all parties.

### VI. Defendant Salgado Will be Irreparably Harmed Absent a Stay.

A stay of this civil action is necessary to protect Defendant Salgado's Fifth Amendment rights in connection with the above-referenced criminal proceeding, which arises from similar underlying facts as this civil action. Defendant Salgado will be greatly prejudiced by his respective inability to meaningfully defend himself in this civil action if forced to proceed prior to the resolution of his criminal case, which as stated, is set to proceed with the appellate portion of his claim. *See Sterling Nat' Bank v. A-1 Hotels Int'l Inc.*, No. 00 Civ. 7352, 2004 WL 1418201, at *1 (S.D.N.Y. June 23, 2004)

---

[1] In all cases where Salgado is/was a named Defendant (*Ramadan v. City of Chicago, et. al.*, 18 C 4020 (Dkt. 28); *Rosas v. City of Chicago*, *et. al.*, 18 CV 3933 (Dkt. 46); *Robles v. City of Chicago*, *et. al.*, 18 CV 4379 (Dkt. 44); *Boldon v. City of Chicago*, *et. al.*, 18 CV 4233 (Dkt. 81, 84); *Treadwell v. Salgado, ex. al.*, 19 CV 03179 (Dkt. 37); *Maldonado v. Elizando, et. al.*, 19 CV 03521 (Dkt. 44, 45); *Teague v. Salgado, et. al.*, 19 CV 04113 (Dkt. 35)) the motion to stay was granted, consistent with the record as stated in Court. In those matters, the Court ordered that all parties are required to answer the Complaint and provide initial disclosures, consistent with MIDP. The Court further explained that Salgado's answer, answers to interrogatories, and depositions will be stayed pending the resolution of the criminal case but that other discovery may proceed. This would allow the matter to move forward, at a slower pace, while still remaining cognizant of Salgado's Constitutional concerns. The Court also explained that this stay may need to be fine-tuned as appropriate and as the facts of all the proceedings evolve. Defendant Salgado would suggest that a similar resolution is appropriate here. Consistent handling of this issue also further promotes judicial economy.

("Event now, after sentence has been imposed, [defendant's] privilege assertion remains reasonable, for he has appealed his conviction and thus remains in jeopardy insofar as any testimony he offers in these proceedings could potentially prejudice him wither in connection with this appeal or at a possible retrial."). Given the facts alleged in the Criminal Case, it is difficult to imagine how adjudication of this civil action would not implicate many of the factual issues underlying his criminal action. Defendant Salgado should not be forced to choose between abandoning the opportunity to defend himself against this civil action and courting liability in the criminal case by waiving his Constitutional rights. As previously stated, his Fifth Amendment Right is directly implicated by the issues in this case, and no remedy exists that will allow him to preserve these rights and defend this action, except for a stay on these civil proceedings as to Defendant Salgado.

   WHEREFORE, Defendant David Salgado respectfully requests that this Court stay the litigation proceedings as it relates to him, pending the outcome of the Criminal Case, and for such further relief as this court deems just and equitable.

              Respectfully submitted,

              BORKAN & SCAHILL, LTD.

              By: /s/ Whitney N. Hutchinson
                 Whitney N. Hutchinson

Steven B. Borkan
Timothy P. Scahill
Whitney N. Hutchinson
BORKAN & SCAHILL, LTD.
20 South Clark Street, Suite 1700
Chicago, IL 60603
312-580-1030
whutchinson@borkanscahill.com