IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IRENE SIMMONS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| CITY OF CHICAGO; CHICAGO POLICE OFFICERS DAVID SALGADO, XAVIER ELIZONDO, ROBERTO RAMIREZ, RICHARD MOSTOWSKI, LISA TORRES, ARNOLDO LUEVANO, MARCOS PEREZ, and UNKNOWN OFFICERS, | ) No. 20 CV 478 ) ) ) ) ) ) JURY TRIAL DEMANDED ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT SALGADO'S
MOTION TO STAY PROCEEDINGS**

Plaintiff, by and through her attorneys, Loevy & Loevy, file this response objecting to Defendant Salgado's motion to stay the proceedings, stating as follows:

Defendants Salgado and Elizondo were recently convicted in federal court on corruption related charges. Their motions for new trial were denied and they are awaiting sentencing. Defendant Salgado has moved to stay these civil proceedings for an unspecified amount of time[1]—which he only describes as until "full and complete resolution of the Criminal Case." Dkt. 27, at 1.

---

[1] Defendant Salgado filed a similar motion in the case of *Cruz v. City of Chicago*, No. 20 CV 250. The complaint therein was filed on the same day, by the same undersigned attorneys, and is assigned to Judge Kness. Plaintiffs in *Cruz* filed a similar response to the motion to stay.

1

The crux of Defendant Salgado's motion is that his criminal case involves "the same subject matter as the criminal investigation," which is a crucial factor in deciding whether a stay should be granted in these circumstances. *Cruz v. County of DuPage*, 1997WL 161683 (N.D. Ill. June 27, 1997) at *2. Defendant Salgado notes that absent a stay in these circumstances, a defendant is put in the untenable situation of choosing between preserving the right against self-incrimination or fully defending against the civil action, Dkt. 27, at 2, and it is true that, despite stays being "the exception, not the rule," in those situations, courts have generally agreed that a stay is appropriate. *See, e.g., Estate of Swayzer v. Armor Correctional Health Services, Inc.*, No. 16-CV-1703, 2018 WL 1535953, *2-3 (E.D. Wis., Mar. 29, 2018) (citing cases).

However, this case does not involve the same subject matter as the criminal case. Defendant Salgado was not convicted for any criminal conduct related to Plaintiff; Plaintiff did not testify as Rule 404(b) witnesses or otherwise; Plaintiff is not listed as a witness at Defendant Salgado's sentencing hearing. Accordingly, it is squarely not the same subject matter. *See Estate of Swayzer*, 2018 WL 1535953, *2-3 (E.D.WI, March 29, 2018) (distinguishing cases where "the victim of the crime concurrently pursues a civil action for injuries resulting from the criminal conduct" from the case therein, where the defendant had pending criminal charges related to his actions as a correctional officer that did not squarely involve the plaintiff's factual allegations); *B.A. v. Bohlmann*, No. 09-CV-346-BBC, 2009 WL 3270124, at *3 (W.D. Wis. Oct. 8, 2009) (denying a stay because "none of the plaintiffs in this case are complainants in the pending criminal case;" the fact that "they involve 'similar allegations'" was insufficient to grant a stay).

Plaintiff agrees that the allegations made by them are "similar" and "related" to the facts underlying Defendant Salgado's criminal conviction. There is no question that at some point during discovery in this matter, Plaintiff intends to inquire of Defendant Salgado about facts

underlying his criminal conviction. Plaintiff agrees to delay questioning on these topics for an appropriate amount of time to ensure that Defendant Salgado is not placed in a position of having to choose between defending against those issues or his constitutional rights. Plaintiff's counsel has no doubt that the parties can communicate and confer on these issues as discovery moves forward to resolve any issues that arise. And if there comes a point where the parties cannot reach an agreement on discovery disputes, this Court can intervene, and even, if needed, revisit the question of whether a stay is, in fact, appropriate.

But given that Plaintiff's allegations play no role in Defendant Salgado's criminal case, Plaintiffs certainly should be allowed to inquire of Defendant Salgado about their specific allegations. Defendant Salgado points to nothing to indicate why, after "full and complete resolution of the criminal case," he will be in any different position related to specific inquires about Plaintiff's allegations. Indeed, the very fact that Defendant Salgado gives no specific timetable to lift the proposed stay is telling. He is already convicted and his motion for new trial has been denied. Is Defendant Salgado suggesting that his appeal is likely to be successful? If that proves to be the case, does that mean this case must be stayed pending the completion of Defendant Salgado's re-trial, and the potential appeal (if convicted) of that re-trial? If Defendant Salgado is suggesting that his appeal is unlikely to be successful, then why should there be a stay at all? And if it is unsuccessful, does the stay continue through any potential appeal to the U.S. Supreme Court or any potential collateral pleadings filed by Defendant Salgado?

Grappling with these questions of how long a stay should remain intact may be appropriate when the civil case involves the "same subject matter." But it is not appropriate where, as here, it does not. In those instances, plaintiffs' right to their day in court, the adjudication of their issues, the fear of fading memories or the death or disappearance of

witnesses as time passes become paramount, and public interest favors denial of the stay. *See B.A.*, 2009 WL 3270124, at \*2

   WHEREFORE, Plaintiffs respectfully request that this Court deny Defendant Salgado's motion for a stay and order this litigation and discovery to proceed.

                   Respectfully submitted,

                   /s/ Joshua Tepfer
                   *One of Plaintiffs' Attorneys*

Jon Loevy
Arthur Loevy
Scott Rauscher
Joshua Tepfer
Theresa Kleinhaus
Loevy & Loevy
311 North Aberdeen Street
Third Floor
Chicago, Illinois 60607
Phone: (312) 243-5900

## **CERTIFICATE OF SERVICE**

  I, Joshua Tepfer, an attorney, hereby certify that on February 28, 2020, I caused the foregoing to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

                Respectfully submitted,

                /s/ Joshua Tepfer
                One of the Attorneys for Plaintiff